1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                          EASTERN DISTRICT OF CALIFORNIA

8

9    DAVID VANG,                                Case No. 1:23-cv-00447-ADA-SKO

10                     Plaintiff,               **FIRST SCREENING ORDER**

11          v.                                  (Doc. 1)

12                                              **THIRTY (30) DAY DEADLINE**

13   GEIL ENTERPRISES INC.
     ADMINISTRATORS OF EMPLOYEE
14   STOCK OWNERSHIP PLAN, et al.,

15                     Defendants.

16

17

18                          **I.       INTRODUCTION**

19      **A.      Background**

20          On March 23, 2023, David Vang ("Plaintiff"), proceeding *pro se*, filed a complaint against

21   Geil Enterprises Inc. Employee Stock Ownership Plan ("ESOP"), Principal Financial Group, and

22   three individuals: Yvonne Chelberg, Melissa Skiles, and Lynn Dubois. (Doc. 1 ("Compl.") at 2–3.)

23   Plaintiff's claims arise out allegations that Defendants violated the Employee Retirement Income

24   Security Act ("ERISA") by "misrepresent[ing] the meaning" of laws as applied to the ESOP,

25   underreporting his "contribution and vesting credits" for certain years, and interfering with his

26   ability to obtain and refusing to provide required information about the ESOP.  (*See* Compl. at 15–

27   20, 25–29.)  Plaintiff also alleges a claim under California's Unfair Competition Law, Cal. Bus. &

28   Prof. Code § 17200.  (*See id*.at 20–24.)

1    Plaintiff filed an application to proceed *in forma pauperis*, which was granted on March 28,

2  2023.  (Docs. 2 & 3.)  Plaintiff's complaint is now before the Court for screening.

3    As discussed below, the Court concludes that the complaint fails to state cognizable claims

4  under ERISA.  Plaintiff has the following options as to how to proceed.  Plaintiff may file an

5  amended complaint, which the Court will screen in due course.  Alternatively, Plaintiff may file a

6  statement with the Court stating that he wants to stand on this complaint and have it reviewed by

7  the presiding district judge, in which case the Court will issue findings and recommendations to the

8  district judge consistent with this order.  Lastly, Plaintiff may file a notice of voluntary dismissal.

9  If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

10    **B.    Screening Requirement and Standard**

11    In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen

12  each case and shall dismiss the case at any time if the Court determines the allegation of poverty is

13  untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted,

14  or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §

15  1915(e)(2).  If the Court determines that a complaint fails to state a claim, leave to amend may be

16  granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v.*

17  *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

18    The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the

19  following standards.  A complaint may be dismissed as a matter of law for failure to state a claim

20  for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable

21  legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff

22  must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant

23  fair notice of what plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v.*

24  *U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798

25  (9th Cir. 1991).

26    **C.    Summary of the Complaint**

27    Plaintiff alleges he is a former employee of Geil Enterprises, Inc., and a current vested

28  participant of its ESOP.  (Compl. at 1.)  He asserts that Defendants Chelberg and Skiles, as "trustees"

2

1  of the ESOP, breached their fiduciary duties under ERISA by "misrepresenting" the period when

2  Plaintiff would first be eligible to withdraw from his ESOP account and his "right to choose sum of

3  payment." (*Id*. at 17–18.)  He alleges that Defendants ESOP "administrators and trustees" breached

4  their ERISA fiduciary duties by not "thoroughly correcting [his] ESOP account" to add credits,"

5  and that Defendant Dubois, who was "acting in the role of Plan Administrator," breached her

6  fiduciary duty by "interfering with [his] exercising of right to accurate information" under 29 U.S.C.

7  § 1104(a)(1).  (*Id*. at 19–20, 25–26.)  Plaintiff further asserts Defendants failed to provide him

8  "required [ESOP] information of the annual percentage of contributions" and "how contributions

9  are made" under 29 U.S.C. § 1024(b)(4).  (*Id*. at 28.)  Finally, Plaintiff alleges that Defendants,

10  including Principal Financial Group as the "Trust company who holds the trust of the" ESOP,

11  violated California Unfair Competition Law, Bus. & Prof. Code § 17200, by withholding benefits

12  and "back dating a notice required by law to be provided to [him]" regarding when he could

13  withdraw from his ESOP account.  (*Id*. at 3, 20–21.)  Plaintiff requests that the Court order the

14  adjustment of his ESOP balance, conversion of his ESOP account "according to market value of

15  2022 into cash," return of "the amount withheld from distribution," and to "relieve [Defendants] of

16  their positions."  (*Id*. at 30.)

17  **II.    DISCUSSION**

18  **A.    ERISA Breach of Fiduciary Duty Claims**

19  Plaintiff brings his first, second, and fourth causes of action for breach of fiduciary duty,

20  citing 29 U.S.C. § 1104(a). (Compl. at 15, 25.) Title 29 U.S.C. § 1104 provides the "[p]rudent man

21  standard of care" by which retirement benefit plan fiduciaries must abide.  29 U.S.C. § 1104(a).  It

22  does not, however, independently provide for a civil claim.  Instead, 29 U.S.C. § 1132(a) is the only

23  provision that establishes a private right of action under ERISA.  *See Ingersoll-Rand Co. v.*

24  *McClendon*, 498 U.S. 133, 144 (1990) ("In *Pilot Life*, we examined this section at some length and

25  explained that Congress intended § 502(a) [29 U.S.C. § 1132(a)] to be the exclusive remedy for

26  rights guaranteed under ERISA"); *Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 52, 107 S. Ct. 1549, 1555

27  (1987).

28

1    Title 29 U.S.C. § 1132(a)(1)(B) authorizes a civil action to be brought "by a participant or

2  beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under

3  the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C.

4  § 1132(a)(2) authorizes a participant or beneficiary to bring a civil action "for appropriate relief

5  under [29 U.S.C. § 1109]," which provides:

6         Any person who is a fiduciary with respect to a plan who breaches any of the
           responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be
7         personally liable to make good to such plan any losses to the plan resulting from
           each such breach, and to restore to such plan any profits of such fiduciary which
8         have been made through use of assets of the plan by the fiduciary, and shall be
           subject to such other equitable or remedial relief as the court may deem appropriate,
9         including removal of such fiduciary . . . .

10

11  29 U.S.C. § 1109(a).  Title 29 U.S.C. § 1132(a)(3) authorizes a participant or beneficiary to bring a

12  civil action "(A) to enjoin any act or practice which violates any provision of this title or the terms

13  of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to

14  enforce any provisions of this title or the terms of the plan."

15    Subdivision (a)(2) differs from subdivision (a)(3) in that subdivision (a)(2) "gives a remedy

16  for injuries to the ERISA plan as a whole, but not for injuries suffered by individual participants as

17  a result of a fiduciary breach." *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010)

18  (citing *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 254, 256 (2008)).  By contrast,

19  subdivision (a)(3) allows a plaintiff to bring an individual claim for breach of fiduciary duty.  *See*

20  *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1075 (9th Cir. 2009) ("Unlike 29 U.S.C. § 1132(a)(2), which

21  requires that relief sought must be on behalf of the entire plan, the Supreme Court has held that a

22  participant or beneficiary has standing pursuant to section 1132(a)(3) to seek individual recovery in

23  the form of appropriate equitable relief.")  (internal quotation marks omitted).  Subdivision (a)(3) is

24  a "catchall provision[ ] [that] act[s] as a safety net, offering appropriate equitable relief for injuries

25  caused by violations that [§ 1132] does not elsewhere adequately remedy."  *Moyle v. Liberty Mut.*

26  *Retirement Benefit Plan*, 823 F.3d 948, 959 (9th Cir. 2016) (alterations in original) (quotation

27  omitted).

28

4

1    Here, Plaintiff alleges that Defendants "violated 29 U.S.C. [§] 1104 of ERISA . . ." but does

2    not specify any claim under §1132(a)(1)(B), (a)(2), or (a)(3) in the body of the complaint.  The

3    footer of the complaint generically references "ERISA 29 U.S.C. [§] 1132(a)" at the bottom of every

4    page.  (*See generally* Compl.)  The title of the complaint indicates it is brought "per 29 U.S.C [§]

5    1132(a)(3)" (*see id*. at 1), but that section does not permit a suit for monetary damages.  *See Mertens*

6    *v. Hewitt Assocs*., 508 U.S. 248, 257–58 (1993); *see also Varity Corp. v. Howe*, 516 U.S. 489 (1996)

7    (noting that relief under Section 1132(a)(3) is limited to equitable relief); *McLeod v. Oregon*

8    *Lithoprint, Inc*., 102 F.3d 376, 378 (9th Cir.1 996) (holding that money damages do not qualify as

9    'equitable relief' within the meaning of Section 1132(a)(3)).  As currently pleaded, at least some of

10   the relief sought by Plaintiff appears to be monetary in nature, which he cannot recover under

11   Section 1132(a)(3).  *See, e.g., Est. of Hirata v. Ida*, No. CIV. 10-00084 LEK, 2010 WL 2179812, at

12   *8 (D. Haw. May 28, 2010) (granting motion to dismiss claim for "remedial damages" under 29

13   U.S.C. § 1132(a)(3)).  Moreover, "[a] claimant may not bring a claim for denial of benefits under §

14   1132(a)(3) when a claim under § 1132(a)(1)(B) will afford adequate relief."[1]   *Castillo v.*

15   *Metropolitan Life Ins. Co*., 970 F.3d 1224, 1229 (9th Cir. 2020).

16   Plaintiff has also failed to allege adequately facts from which the Court could find that the

17   individual defendants are fiduciaries within the meaning of ERISA.  ERISA provides that "a person

18   is a fiduciary with respect to a plan to the extent that (i) he exercises any discretionary authority or

19   control respecting management of such plan or its assets, (ii) he renders investment advice for

20   compensation with respect to any moneys or other property of such plan, or has authority or

21   responsibility to do so, or (iii) he has any discretionary authority or responsibility in the

22   administration of such plan."  29 U.S.C. § 1002(21)(A).  Plaintiff alleges only that Defendant

23

---

24   [1] To the extent Plaintiff seeks to recover denied benefits under ERISA section 1132(a)(1)(B), his complaint is deficient
     because it fails to identify the provision(s) of the ESOP that entitle Plaintiff to benefits.  To state a claim for denial of
25   benefits under Section 1132(a)(1)(B), a plaintiff must plausibly allege facts showing he was owed benefits under the
     plan. *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc*., 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015).
26   Thus, a "plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan
     that entitle [him] to benefits." *Id*. (quoting *Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.,*
27   No. 10–CV–04911–EJD, 2011 WL 2748724, at *5 (N.D. Cal. July 13, 2011)).  A "lack of any specific reference to plan
     provisions which affords the benefits to which they contend they are entitled warrants dismissal of [a plaintiff's] denial-
28   of-benefits ERISA claim." *Doe One v. CVS Pharmacy, Inc*., 348 F. Supp. 3d 967, 993 (N.D. Cal. 2018); *see also*
     *Stewart v. Nat'l Educ. Ass'n*, 404 F. Supp. 2d 122, 130 (D.D.C. 2005), aff'd, 471 F.3d 169 (D.C. Cir. 2006) ("A plaintiff
     who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question.").

1  Chelberg is the Chief Financial Officer, and Defendant Skiles is an accountant, employed by Geil

2  Enterprises Inc. (*see* Compl. at 2–3), but does not allege any facts suggesting that they had control

3  or authority over ESOP assets.  *See Brown v. California Law Enforcement Ass'n, Long–Term*

4  *Disability Plan*, Case No. 14–cv–03559–JCS, 2015 WL 890564, at \*3 (N.D. Cal. Mar. 2, 2015)

5  ("[W]ithout any responsibility or authority over a plan's management and administration, one cannot

6  be a fiduciary.).  With respect to Defendant Dubois, Plaintiff alleges that she is "an attorney . . .

7  representing [Geil Enterprises Inc.] and stepped in briefly as an administrator to the Plan to answer

8  Plaintiff's appeal/questions/requests regarding the Plan" (*see* Compl. at 3), but these allegations do

9  not suggest the exercise of discretionary control over the ESOP. [2]  *See Yeseta v. Baima*, 837 F.2d

10 380, 385 (9th Cir. 1988) (holding that an attorney does not qualify as a functional fiduciary under

11 ERISA because the provision of advice is distinct from exercising the necessary discretionary

12 control over management of the plan or its assets.).  *See also Pension Trust Fund for Operating*

13 *Engineers Local 3 v. McMorgan & Co.*, Case No. 06–cv–904–WBS, 2007 WL 201247, at \*8 (E.D.

14 Cal. Jan. 24, 2007) (concluding that an attorney was not an ERISA fiduciary when neither his "status

15 as an attorney nor as executor showed he controlled the Plan in a manner other than by usual

16 professional functions.") (citing *Yeseta*, 837 F.2d at 385); 29 C.F.R. § 2509.75–5(D–1); 29 C.F.R.

17 § 2509.75–8(D–2) (clarifying that "preparation of employee communications material or

18 preparation of reports concerning participants' benefits" are tasks that do not make an attorney a

19 fiduciary so long as the attorney does not perform any of the functions in 29 U.S.C. § 1002(21)(A)).

20        **B.       ERISA Statutory Penalties Claim**

21        Plaintiff brings his fifth cause of action for the "failure to provide information" about the

22 ESOP.[3]  Under ERISA, the administrator of an employee benefit plan "shall, upon written request

23 of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and

24 the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or

25 other instruments under which the plan is established or operated."  29 U.S.C. § 1024(b)(4).  Any

26

27 [2] Plaintiff attaches to his complaint over 30 pages of correspondence between him and the individual defendants (*see*
   Compl. at 39–74) but does not explain in his complaint how this correspondence demonstrates Defendants Chelberg,
28 Skiles, and/or Dubois were functioning as ERISA fiduciaries under 29 U.S.C. § 1002(21)(A).
   [3] It is not clear to the Court against which named defendants this claim is asserted.

1   plan administrator "who fails or refuses to comply with a request for any information which such

2   administrator is required by this title to furnish to a participant or beneficiary . . . within 30 days

3   after such request may in the court's discretion be personally liable to such participant or beneficiary

4   in the amount of up to [$110] a day from the date of such failure or refusal, and the court may in its

5   discretion order such other relief as it deems proper. . . ."  29 U.S.C. § 1132(c)(1); *see* 29 C.F.R. §

6   2575.502c-1 (increasing maximum civil penalty from $100 per day to $110 per day).

7        Plaintiff alleges that the defendant(s) failed to provide "required [ESOP] information of the

8   annual percentage of contributions" and "how contributions are made." (Compl. at 28.)  These

9   allegations are deficient, as they do not identify what ESOP documents Plaintiff requested, when,

10  and from whom.[4]  *See Serpa v. SBC Telecommunications, Inc*., No. C03-4223 MHP, 2004 WL

11  3204008, at *3 (N.D. Cal. 2004) (stating that the plaintiff "must identify a specific, written request

12  for plan documents").  *See also Michael v. La Jolla Learning Inst., Inc*., No. 17-CV-934 JLS

13  (MDD), 2018 WL 11483057, at *6 (S.D. Cal. June 21, 2018) (finding Plaintiff failed to state a claim

14  for violation of 29 U.S.C. § 1024(b)(4) where he did not plead that he made a specific request for

15  the statutorily enumerated documents).

16       Plaintiff also does not specify in his complaint against which defendant(s) this claim is

17  asserted.  It appears that, at a minimum, Defendant Chelberg is implicated.  (*See* Compl. at 28–29.)

18  However, under 29 U.S.C. § 1132(c), only the plan "administrator" can be held liable for failing to

19  comply with ERISA's disclosure requirements.  *See Moran v. Aetna Life Ins. C*o., 872 F.2d 296,

20  299 (9th Cir. 1989); *see also Cline v. Indus. Maint. Eng'g & Contracting Co*., 200 F.3d 1223, 1234

21  (9th Cir. 2000) (affirming district court's order granting summary judgment because nonmoving

22  party "failed to create a genuine issue of material fact as to the 'administrator' status of [the moving

23  party]").   There are no allegations in the complaint that Defendant Chelberg is the ESOP

24  administrator.

25

26

27  [4] The fact that Plaintiff has attached to his complaint correspondence between him and the defendants does not alter this
    conclusion. *See, e.g., Sides v. Cisco Sys., Inc*., No. 15-CV-03893-HSG, 2017 WL 4236960, at *4 (N.D. Cal. Sept. 25,
28  2017) ("Plaintiff cannot overcome [his failure to allege what information was requested] in the complaint by attaching
    email correspondence between him and Cisco.")

1        **C.      California Unfair Competition Law Claim**

2        Finally, Plaintiff brings his third cause of action under California's Unfair Competition Law

3   ("UCL"), Cal. Bus. & Prof. Code § 17200, alleging that the defendant(s) withheld benefits and "back

4   dat[ed] a notice required by law to be provided to [him]" regarding when he could withdraw from

5   his ESOP account. (Compl. at 3, 20–21.) This claim, as currently pleaded, is preempted by ERISA.

6        "A state law claim is preempted by ERISA if it has a connection with or a reference to an

7   ERISA-governed benefit plan. Stated another way, where the existence of an ERISA plan is a

8   critical factor in establishing liability under a state cause of action, the state law claim is preempted."

9   *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (quotation omitted). "The

10  Supreme Court has held that ERISA preempts state common law tort and contract causes of action

11  asserting improper processing of a claim for benefits under an insured employee benefit plan. . . .

12  Similarly, we have held that state law tort and contract claims as well as violations of a state

13  insurance statute are preempted by ERISA." *Bast v. Prudential Ins. Co. of Am.* 150 F.3d 1003, 1007

14  (9th Cir. 1998) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987); *Tingey v. Pixley-*

15  *Richards West, Inc.*, 953 F.2d 1124, 1131 (9th Cir. 1992)).

16       Plaintiff's UCL claim arises out of the alleged improper withholding of benefits and the

17  "back dating a notice required by law to be provided to [him]" regarding when he could withdraw

18  from his ESOP account. (Compl. at 20–21.) Because these allegations are directly related to the

19  administration of the ESOP, the claims are preempted by ERISA. *See, e.g., Cleghorn v. Blue Shield*

20  *of Cal.*, 408 F.3d 1222, 1226 (9th Cir. 2005) (state law claims under Cal. Bus. & Prof. Code § 17200

21  and other statutes preempted because "[t]he only factual basis for relief pleaded in [plaintiff]'s

22  complaint is the refusal of Blue Shield to reimburse him for the emergency medical care he received.

23  Any duty or liability that Blue Shield had to reimburse him would exist here only because of Blue

24  Shield's administration of ERISA-regulated benefit plans."); *Sarkisyan v. CIGNA Healthcare of*

25  *California, Inc.*, 613 F. Supp. 2d 1199, 1206 (C.D. Cal. 2009) (finding ERISA preempted § 17200

26  claim alleging "improper claims handling practices")). *See also Elliot v. Fortis Benefits Ins. Co.*,

27  337 F.3d 1138, 1147 (9th Cir. 2003) (holding that an action "which seeks non-ERISA damages for

28  what are essentially claim processing causes of action [] clearly falls under the § 1132 preemption

1  exemplified by *Pilot Life*.”).

2      **D.**    **Leave to Amend**

3      As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and

4  cure, to the extent possible, the identified deficiencies.  *Lopez*, 203 F.3d at 1130.

5      Plaintiff’s amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must identify what

6  causes of action are being pursued, identify the improper actions or basis for liability of each

7  defendant, and the factual allegations must demonstrate plausible claims, *Iqbal*, 556 U.S. at 678–

8  79.  Although accepted as true, the “[f]actual allegations must be [sufficient] to raise a right to relief

9  above the speculative level.”  *Twombly*, 550 U.S. at 555 (citations omitted).  Each claim and the

10  involvement of each defendant must be sufficiently alleged.  Plaintiff is advised that, in determining

11  whether a complaint states cognizable claims, the Court's duty is to evaluate the complaint's factual

12  allegations, not to wade through exhibits.

13      The amended complaint should be clearly and boldly titled “First Amended Complaint,”

14  refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff

15  should note that although he has been given the opportunity to amend, it is not for the purpose of

16  changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th

17  Cir. 2007) (no “buckshot” complaints).

18      Plaintiff is further advised that an amended complaint supersedes the prior complaints. *Lacey*

19  *v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*).  Therefore, Plaintiff’s amended

20  complaint must be “complete in itself without reference to the prior or superseded pleading.”  Rule

21  220, Local Rules of the United States District Court, Eastern District of California.

22      Plaintiff has a choice how to proceed.  Plaintiff may file an amended complaint, which will

23  be screened in due course.  Alternatively, Plaintiff may choose to stand on his complaint subject to

24  the Court issuing findings and recommendations to a district judge consistent with this order.  Lastly,

25  Plaintiff may file a notice of voluntary dismissal.

26                        **III.**    **ORDER**

27      Based on the foregoing, IT IS ORDERED that:

28      1.     Within thirty (30) days from the date of service of this order, Plaintiff shall either:

1           a.     File a First Amended Complaint;

2           b.     Notify the Court in writing that he wants to stand on this complaint; or

3           c.     File a notice of voluntary dismissal.

4    2.     If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended

5        complaint "First Amended Complaint" and refer to case number 1:23-cv-00447-

6        ADA-SKO; and

7    3.     **Failure to comply with this order may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **April 27, 2023**               /s/ *Sheila K. Oberto*

                                     UNITED STATES MAGISTRATE JUDGE